Dennis F. Dunne
Stacey J. Rappaport
Robert J. Liubicic
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

and

David S. Cohen (*pro hac vice admission pending*)
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1850 K Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ---------------------------------------------------------------- x | Case No. | |
| | : | 1:09-cv-06841-LTS |
| In re | : | |
| | : | |
| | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ---------------------------------------------------------------- x | | |
| | : | |
| KA KIN WONG, SIU LUI CHING, CHUN IP, | : | |
| JIN LIU, YIN YING LEUNG, LAI MEI CHAN | : | |
| and SING HEUNG, On Behalf of Themselves | : | |
| and All Others Similarly Situated, | : | |
| | : | |
| Plaintiffs, | : | |
| -against- | : | Adversary Proceeding |
| | : | No.: 09-01120 (JMP) |
| HSBC USA, INC., HSBC BANK PLC, PACIFIC | : | |
| INTERNATIONAL FINANCE LIMITED, HSBC | : | |
| BANK (CAYMAN) LIMITED (f/k/a HSBC | : | |
| FINANCIAL SERVICES (CAYMAN) LTD.), HSBC | : | |
| HOLDINGS PLC, SCOTT AITKEN, CEREITA | : | |
| LAWRENCE, SARAH COOMBS, JANET | : | |
| CRAWSHAW, SYLVIA LEWIS, THE BANK OF | : | |
| NEW YORK MELLON CORPORATION and | : | |
| LEHMAN BROTHERS SPECIAL FINANCING INC., | : | |
| | : | |
| Defendants. | : | |
| ---------------------------------------------------------------- x | | |

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN DEFENDANT LEHMAN BROTHERS SPECIAL FINANCING INC.'S
RESPONSE TO MOTION TO WITHDRAW REFERENCE OF
ADVERSARY PROCEEDING TO THE BANKRUPTCY COURT**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. et al. (collectively, the "Debtors") submit this statement (the "Joinder") in support of Defendant Lehman Brothers Special Financing Inc.'s ("LBSF's") Response to Motion to Withdraw Reference of Adversary Proceeding to the Bankruptcy Court (the "LBSF Response"). In support of the Joinder, the Committee respectfully states as follows:

## RELEVANT FACTUAL BACKGROUND

1.  Bankruptcy Filing. On September 15, 2008, Lehman Brothers Holding Inc. ("LBHI") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On October 3, 2008, LBSF filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

2.  Debtors in Possession. The Debtors continue to manage and operate their businesses and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases") are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Bankruptcy Court's order dated October 16, 2008.

3.  The Committee. The Committee, which was appointed by the Office of the United States Trustee for the Southern District of New York on September 17, 2008, is a committee duly appointed and organized under section 1102 of the Bankruptcy Code. The Committee represents the interests of all unsecured creditors of each of the Debtors. The Committee is expressly authorized by statute to investigate the assets and liabilities of the

Debtors, and is empowered to perform such other services as are in the interests of the unsecured creditors generally.  See 11 U.S.C. § 1103(c).

      4.     Adversary Proceeding.  On March 12, 2009, Plaintiffs commenced the underlying adversary proceeding, Wong v. HSBC USA, Inc., Adversary Proceeding No. 09-01120 (JMP) (the "Adversary Proceeding"), in the bankruptcy proceeding In re Lehman Brothers Holdings Inc., Chapter 11 Case No. 08-13555 (JMP).  The first three counts of Plaintiffs' Complaint, styled as a purported class action, seek relief against LBSF.  Count I of the Complaint seeks a declaratory judgment that certain collateral securing obligations to LBSF under various swap contracts entered into between LBSF and certain counterparties "is property of the [proposed class] and not property of the bankruptcy estate."  (Compl. ¶ 97.)  In Count II, Plaintiffs seek to enjoin LBSF from asserting any claim over the collateral.  (Id. ¶ 110.)  Count III of the Complaint seeks the imposition of a constructive trust over the collateral.  (Id. ¶ 121.)  Plaintiffs stated in the Complaint that "[t]he declaratory and injunctive relief sought herein is a core proceeding within the meaning of 28 U.S.C. § 157(b)."  (Id. ¶ 15.)

      5.     The Committee's Intervention.  On June 9, 2009, the Committee filed a Stipulation and Consent Order Permitting Intervention of the Committee in the Adversary Proceeding (the "Intervention Stipulation").  The Intervention Stipulation, which was agreed to by and between all of the parties to the Adversary Proceeding, provides that the Committee may "appear and be heard on any issue related to" Counts I, II and III of the Complaint.  The Bankruptcy Court so ordered the stipulation on June 17, 2009 (Docket Entry 33 in Adversary Proceeding, attached hereto as Exhibit A).

      6.     Procedural History.  On May 27, 2009, LBSF filed a Motion to Dismiss the Complaint based on, inter alia, Plaintiffs' lack of standing and the fact that the unambiguous terms of the contracts relied upon by Plaintiffs defeat Plaintiffs' claim that the collateral is the

property of the proposed class and not property of the estate (Docket Entry 17 in Adversary Proceeding).  On June 15, 2009, LBSF filed a Motion to Stay Discovery Pending Determination of Its Motion to Dismiss the Complaint (Docket Entry 31 in Adversary Proceeding).  Plaintiffs opposed LBSF's Motion to Stay Discovery, which the Bankruptcy Court granted at a hearing on July 15, 2009 (Docket Entry 54 in Adversary Proceeding).  LBSF's Motion to Dismiss the Complaint, which Plaintiffs also oppose, remains pending in the Bankruptcy Court.[1]

7.    On July 31, 2009, Plaintiffs filed a Motion to Withdraw Reference of Adversary Proceeding (the "Plaintiffs' Motion") (Docket Entry 55 in Adversary Proceeding), and on August 3, 2009, a Civil Cover Sheet for the District Court of the Southern District of New York was filed with the Bankruptcy Court (Docket Entry 59 in Adversary Proceeding).

## THE COMMITTEE'S JOINDER

8.    Section 157(d) of title 28 of the United States Code provides that "[t]he district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or in timely motion of any party, for cause shown."  28 U.S.C. § 157(d) (emphasis added).  Courts in this Circuit consider a number of factors in determining whether "cause" exists, including:  (i) whether the action is core or non-core; (ii) judicial economy and efficiency; (iii) uniform bankruptcy administration; (iv) reduction of forum shopping; (v) economical use of the debtors' and creditors' resources; (vi) expediting the bankruptcy process; and (vii) the presence of a jury demand.  See, e.g., Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993).

---

[1] In addition, Plaintiffs have actively participated in the Chapter 11 Cases by filing: (1) an objection and motion to reconsider the Bankruptcy Court's order setting certain procedures regarding, among other things, the assumption and assignment of derivatives contracts, and (2) a motion to intervene in a separate adversary proceeding pending in the Bankruptcy Court. The Committee respectfully refers the Court to the LBSF Response for a detailed discussion of Plaintiffs' participation in the Chapter 11 Cases.

4

9. The Committee concurs with LBSF that: (1) contrary to the arguments in Plaintiffs' Motion, the claims against LBSF are typical core proceedings, a fact Plaintiffs concede in their Complaint; (2) by commencing suit in the Bankruptcy Court, Plaintiffs consented to that court's jurisdiction and waived the right to seek a withdrawal of the reference; (3) given, <u>inter alia</u>, Plaintiffs' active participation in the Adversary Proceeding and in other aspects of the Chapter 11 Cases, Plaintiffs' Motion is a blatant attempt at forum shopping and fails to promote judicial efficiency; and (4) Plaintiffs' Motion is premature in that the Adversary Proceeding – as to which there are motions to dismiss pending, no discovery has occurred, and a scheduling order has not been entered – is far from trial-ready. Accordingly, the Committee joins in and adopts LBSF's Response.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Committee hereby joins in the LBSF Response and respectfully requests that the Court deny the relief requested in Plaintiffs' Motion.

Dated:  New York, New York
        August 28, 2009

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: */s/ Stacey J. Rappaport*
Dennis F. Dunne
Stacey J. Rappaport
Robert J. Liubicic
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

David S. Cohen (*pro hac vice admission pending*)
1850 K Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500

          Counsel for Official Committee of Unsecured
          Creditors of Lehman Brothers Holdings Inc., <u>et</u> <u>al.</u>